UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RICHARD JEROME SMITH,**

    **Plaintiff,**

v.                                                     **Case No: 6:17-cv-1817-Orl-37KRS**

**KEISHA PRATT and FOX LAMB,**

    **Defendants.**
_____/

**ORDER**

THIS CAUSE is before the Court on Plaintiff's civil rights complaint (Doc. 1).[1] Plaintiff, a prisoner proceeding *pro se*, is incarcerated at the Brevard County Jail Complex in Cocoa, Florida. For the reasons stated below, the Complaint will be dismissed.

Section 1915(g) of Title 28 limits a prisoner's ability to bring a civil action *in forma pauperis* under certain circumstances:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more cases dismissed for one of the recited reasons, he cannot proceed in forma pauperis and must pay the filing fee in full at the time

---

[1] Plaintiff states that his complaint is filed under Title 42 United States Code Section 1997e(a). That provision provides, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." As Section 1997e(a) is found within Chapter 21—Civil Rights—of Title 42, the Court construes Plaintiff's complaint as a civil rights complaint under Section 1983, Title 42 United States Code.

the lawsuit is initiated. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Consequently, courts have a responsibility to dismiss cases, even *sua sponte*, under 28 U.S.C. § 1915(g). *See, e.g., Casey v. Scott,* 493 F. App'x 1000, 1001 (11th Cir. 2012).

The Court takes judicial notice of the following federal district court cases previously brought by Plaintiff that were dismissed for failure to state a claim upon which relief may be granted: (1) 6:16-cv-692-Orl-18TBS; (2) 6:16-cv-772-Orl-37DAB; and (3) 6:17-cv-804-Orl-18KRS. These cases were filed in this Court, and they were dismissed as frivolous.

Based upon these prior dismissals and Plaintiff's failure to allege that he is under imminent danger of serious physical injury, he is not permitted to proceed *in forma pauperis* and was required to pay the filing fee *at the time he initiated this action*. Consequently, this case will be dismissed without prejudice. Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form **together with the full filing fee**.

Accordingly, it is now **ORDERED AND ADJUDGED**:

1. This case is hereby **DISMISSED** without prejudice.

2. The Clerk of the Court is directed to close this case and enter judgment accordingly.

**DONE** and **ORDERED** in Orlando, Florida on 7th December, 2017.

ROY B. DALTON JR.
United States District Judge

Copies furnished to:
Pro Se Plaintiff
OrlP-5